UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOYA NASH, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| vs. | ) | |
| | ) | SECTION |
| CRYOGENIC TRANSPORTATION, INCORPORATED, ET AL. | ) ) ) ) | MAGISTRATE |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:

NOW INTO COURT, through undersigned counsel, comes Petitioner, Airgas Specialty Gases, Inc. (herein referred to as "Airgas" or "Petitioner"), who files this Notice of Removal of this cause from the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana, to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446. Airgas files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, peremption, and no cause of action. In support of this Notice of Removal, the Petitioner states as follows:

## I.    INTRODUCTION

1. The Plaintiffs filed this action against several Defendants on August 21, 2013. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Petitioner in the state court proceedings are attached as "Exhibit A." The action, *Toya Nash, Henry Hasten, III., Audrey Jacobs and Danielle Phagans v. Cryogenic Transportation Incorporated, Cryogenic Transportation, LLC., Buffalo Fuel Corporation, Airgas Specialty Gases, Inc., Henry Solomon, Edward Frey, ABC Insurance Corporation, XYZ Insurance Corporation and 123 Insurance Corporation*, was filed in the Twenty Third Judicial District Court, Parish of Ascension, State of Louisiana, and bears No. 107862.

## II.    THE NOTICE OF REMOVAL IS TIMELY

2. On August 28, 2013, the Plaintiffs served Airgas with a Summons and Petition for Wrongful Death and Survival Action Damages (herein referred to as "Petition"). On August 28, 2013, the Plaintiffs also served Cryogenic Transportation, Inc. (herein referred to as "Cryogenic Inc.") and Cryogenic Transportation, LLC. (herein referred to as "Cryogenic LLC") with a Summons and Petition. On September 4, 2013, the Plaintiffs served Buffalo Fuel Corporation (herein referred to as "Buffalo Fuel") with a Summons and Petition via long-arm statute. Upon information and belief, no other Defendant has been served in this case since the Plaintiffs withheld service on Henry Soloman and Edward Frey. Airgas files this Notice of Removal within 30 days of receipt of the initial pleadings and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely. No previous application for removal has been made.

## III.   DIVERSITY JURISDICTION EXISTS

3. This suit is an action over which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one that may be removed to this Court under the provisions of Title 28, United States Code, Sections 1441 and 1446. Title 28, U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Plaintiffs allege that they are domiciled in the State of Louisiana. *See* Exhibit A, Plaintiffs' Petition, ¶ 1.

5. Defendant Airgas is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Lawrenceville, Georgia. A corporation is deemed to be a dual citizen of both its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to 28 U.S.C. § 1332(c)(1), Petitioner is a citizen of Texas and Georgia.

6. Cryogenic Inc. is not an active corporation and is not a legal entity subject to suit. However, when it was an active corporation, Cryogenic Inc. was a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in Pennsylvania. Thus, pursuant to 28 USC 1332(c)(1), Cryogenic Inc. was a citizen of Nebraska and Pennsylvania.

7. Defendant Buffalo Fuel is a corporation organized and existing under the laws of the State of New York with its principal place of business in Niagara Falls, New York. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Buffalo Fuel is a citizen of New York.

8. Defendant Cryogenic LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Ohio. For diversity jurisdiction purposes, however, the citizenship of a limited liability company is the citizenship of each of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). The only member of Cryogenic LLC is KAG Leasing, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Ohio. Thus, pursuant to *Carden*, Cryogenic LLC is a citizen of Delaware and Ohio.

8. Defendants ABC Insurance Corporation, XYZ Insurance Corporation and 123 Insurance Corporation are alleged insurers and were sued under a "fictitious name." *See* Exhibit A, Plaintiffs' Petition, ¶ 2. 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)… the citizenship of defendants sued under fictitious names shall be disregarded." Thus, for purposes of establishing diversity of citizenship, this Court should treat ABC Insurance Corporation, XYZ Insurance Corporation and 123 Insurance Corporation as fictitious names under 28 U.S.C. § 1441(b)(1).

9. Thus, complete diversity of citizenship exists between the Plaintiffs and the Defendants.

### IV.   THE AMOUNT IN CONTROVERSY IS SATISFIED

10. The allegations as set forth in Plaintiffs' Petition establish an amount in controversy in excess of $75,000. Plaintiffs' Petition alleges that as a result of the fault and/or negligence of Defendants, Decedent, Henry Hasten, Jr. (herein referred to as "Decedent") suffered prior to his death and Plaintiffs have suffered and will suffer the following injuries and damages:

   A.   Medical expenses, past and present;

   B.   Burial end funeral expenses;

    C.    Mental pain and anguish, past and present;

    D.    Future Mental Pain and Anguish;

    E.    Loss of enjoyment of life;

    F.    Loss of love, affection, and consortium for their father;

    G.    Loss of companionship;

    H.    Loss of inheritance;

    I.    Survival and Wrongful death injury; and

    J.    Loss of society, services and support.

*See* Exhibit A at Plaintiff's Petition, ¶ 27.

Specifically, in connection with this accident, Plaintiffs have alleged the following in their Petition:

- Sometime between 11:00 PM on August 22, 2012 and 12:45 AM on August 23, 2012, Decedent was in the immediate vicinity and proximity of TWO (2) trailers that were docked at an industrial facility, named Praxair, located in the Parish of Ascension, State of Louisiana. *See* ¶ 4.

- Multiple, large tubes were affixed to said trailers such that compressed carbon monoxide gas could be loaded into the tubes and then transported via 18 wheeler/rig on the highway system of the State of Louisiana. *See* ¶ 5.

- Prior to 11:00 PM on August 22, 2012, ONE (1) tube trailer had been delivered to the Praxair facility dock by defendant, HENRY SOLOMAN, on behalf of his employer, CRYOGENIC, and/or AIRGAS. *See* ¶ 8. Prior to 11:00 PM on August 22, 2012, ONE (1) tube trailer had been delivered to the Praxair facility dock by defendant, EDWARD FREY, on behalf of his employer, BUFFALO. *See* ¶ 9. The TWO (2) aforesaid trailers had been delivered to the Praxair facility dock on behalf of AIRGAS. *See* ¶ 10.

- It was the intent of CRYOGENIC, and/or BUFFALO, and/or AIRGAS to have Praxair fill the tube trailers filled with compressed carbon monoxide. *See* ¶ 11. Decedent was an employee of Praxair, and as such, it was his task to fill/load tube trailers, located at the Praxair dock, with compressed carbon monoxide gas. *See* ¶ 12.

- Decedent filled the above referenced tube trailers with compressed carbon monoxide gas such that the pressure in said tube trailers reached approximately 2,000 PSI. *See* ¶ 13.

5

- Decedent went to the Praxair control room to notify Praxair personnel that he had completed the task of loading/filling the TWO (2) tube trailers that were located at the Praxair dock. Thereafter, Decedent then proceeded to return back to the loading dock where the TWO (2) tube trailers were located. *See* ¶ 14.

- Unbeknownst to Decedent, ONE (1) of the trailers had TWO (2) valves, tubes and/or fittings that were leaking carbon monoxide into the atmosphere. *See* ¶ 18. As Decedent came in closer proximity to the leaking valves, tubes and/or fittings, he inhaled high concentrations of carbon monoxide that was in the atmosphere, was overcome by inhalation of same, and subsequently suffered carbon monoxide poisoning/toxicity and died as a direct result thereof. *See* ¶ 20.

11.   Although Louisiana law prohibits the Plaintiffs from pleading the specific amount of the damages, it may be apparent, on the face of the allegations in the Petition, that the amount in controversy exceeds $75,000. La. Code Civil Procedure Art. 893; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Such is the case here. Damages similar to those being asserted by Plaintiffs have been assessed to exceed $75,000. *See, e.g., Brodtmann v. Duke*, 96-0257 (La. App. 4 Cir. 2/11/98), 708 So. 2d 447, 459 *writ denied*, 98-0645 (La. 4/24/98), 717 So. 2d 1177 and *writ denied*, 98-0658 (La. 4/24/98), 717 So. 2d 1178 (awarding decedent's spouse $500,000 and $150,000 to each of the decedent's three adult children where decedent died from asphyxiation by carbon monoxide gas, which leaked from a defective marine gasoline generator); *Marks v. OHMEDA, Inc.*, 2003-1446 (La. App. 3 Cir. 3/31/04), 871 So. 2d 1148, 1160 *writ denied*, 2004-1653 (La. 10/8/04), 883 So. 2d 1019 and *writ denied*, 2004-1617 (La. 10/8/04), 883 So. 2d 1020 (awarding $350,000 to a daughter on her loss of consortium claim after her mother sustains severe and disabling brain injuries); *Foley v. Entergy Louisiana, Inc.*, 2006-0983 (La. 11/29/06), 946 So.2d 144 (awarding $175,000 to spouse and minor children for their respective loss of consortium damages, where a roofer was catastrophically injured requiring life-long institutionalized care after he was electrocuted).

12. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

### V.    ALL DEFENDANTS JOIN IN AND CONSENT TO REMOVAL

13. Removal requires the unanimous consent of all defendants. 28 U.S.C. § 1446(b)(2)(A). Defendants, Cryogenic Inc., Cryogenic LLC and Buffalo Fuel, consent to the removal of this cause from the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana, to the United States District Court for the Middle District of Louisiana. *See* Exhibit "B."

14. A copy of this Notice of Removal is being served on the Plaintiffs and will be filed in the record of the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana.

15. Airgas reserves the right to amend or supplement this Notice of Removal.

16. Airgas reserves all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, peremption, and no cause of action.

17. Airgas requests a trial by jury of all issues.

**WHEREFORE**, Petitioner, Airgas Specialty Gases, Inc., gives notice that the matter styled as *Toya Nash, Henry Hasten, III., Audrey Jacobs and Danielle Phagans v. Cryogenic Transportation Incorporated, Cryogenic Transportation, LLC., Buffalo Fuel Corporation, Airgas Specialty Gases, Inc., Henry Solomon, Edward Frey, ABC Insurance Corporation, XYZ Insurance Corporation and 123 Insurance Corporation* on the docket of the

Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana, bearing No. 107862 is hereby removed to the United States District Court for the Middle District of Louisiana, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: _____
WILLIAM B. GAUDET (#1374)
ROBERT L. BONNAFFONS (#18564)
IRA J. GONZALEZ (#33557)
4500 One Shell Square
701 Poydras Street
New Orleans, LA 70139
504-581-3234 (Main)
504-566-0210 (Fax)
*Counsel for Airgas Specialty Gases, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 17th day of September, 2013.

_____
IRA J. GONZALEZ

8